IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH DINGLER, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:06-CV-0788-N (BH) |
| ) | ECF |
| PRISON LITIGATION REFORM ACT, ) | Referred to U.S. Magistrate Judge |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and an order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, a former inmate incarcerated in the Texas prison system, filed this action as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner names the Prison Litigation Reform Act as respondent.

On April 3, 2006, this Court received the instant petition in which petitioner specifically invokes 28 U.S.C. § 2241 as the jurisdictional basis for this action. He essentially challenges the application of the Prison Litigation Reform Act (PLRA) to bar prisoners who have accumulated three or more "strikes" from proceeding *in forma pauperis*. He contends that his challenge to the Prison Litigation Reform Act and its application to him is "a form of custody restraining his liberty to litigate." He specifically requests that the Court not construe this action as a civil rights action under 42 U.S.C. § 1983.

On May 24, 2006, the Court issued a Notice of Deficiency and Order. It therein notified him that he had not paid the requisite filing fee nor submitted a request to proceed *in forma pauperis*. It

granted him twenty days to cure the deficiency and warned him that the failure to do so would result in a recommendation that his petition be dismissed for failure to prosecute. On June 5, 2006, petitioner filed a "Motion for Leave to File Emergency Advisory" wherein he indicates that he wants the $5.00 fee to be ordered deducted from his inmate trust account. On that same date, he filed a separate document that reiterates his request for an order to deduct the fee from his inmate account, and specifically states that he does not seek to proceed *in forma pauperis*. Subsequent to those filings, petitioner has filed nothing further in this case. Nor has he paid the requisite filing fee.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has failed to comply with the order of the Court that he pay the $5.00 filing fee or move to proceed *in forma pauperis*. The Court has given petitioner ample time to comply with that order. His failure to do so exhibits clear non-compliance with a court order and exhibits a lack of present intent to prosecute this action. Accordingly, the Court should dismiss this action pursuant to Rule 41(b).

Notwithstanding Rule 41(b), dismissal of this habeas action is also warranted because petitioner raises no meritorious habeas claim. To state a claim cognizable on habeas review, petitioner must challenge the fact or duration of his confinement. *See Cook v. Texas Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Petitioner's challenge to the Prison Litigation Reform Act does not challenge the fact or duration of his confinement. That he charact-

2

erizes the Act and its application to him as a form of custody does not suffice. Petitioner's challenge is therefore not appropriately raised in a habeas corpus action. Notably, in response to a similar § 2241 petition filed by petitioner in the United States District Court for the Southern District of Texas, the court re-designated the action as a civil rights action and dismissed it under the three strikes provision of 28 U.S.C. § 1915(g). *See Dingler v. Prison Litigation Reform Act*, No. G-06-261 (S.D. Tex.) (order entered May 3, 2006).

Because dismissal of this habeas action is warranted for petitioner's failure to comply with the Court's directive to pay the filing fee or move to proceed *in forma pauperis*, and his failure to raise a meritorious habeas claim, the Court should dismiss this habeas action with prejudice to its refiling.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this habeas action be **DISMISSED WITH PREJUDICE**.

**Signed this 16th day of November, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE